**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | |
|---|---|
| ADRIAN B. RILEY, | |
| Plaintiff, | CIVIL ACTION NO.: 6:15-cv-29 |
| v. | |
| DR. ENI NWABUEZE, Medical Director at Central State Prison; and ROY SABINE, Medical Director at Georgia State Prison, | |
| Defendants. | |

## O R D E R

This matter is before the Court on Defendants Roy Sabine's and Eni Nwabueze's Motion to Stay Discovery filed on February 12, 2016.[1] (Doc. 14.) After careful consideration, Defendants' Motion is **GRANTED**. Additionally, the Court gives instructions to Plaintiff regarding Defendants' Motion to Dismiss, which Plaintiff is urged to follow.

Plaintiff has filed a Complaint brought pursuant to 42 U.S.C. § 1983. (Doc. 1) He is proceeding *pro se* and *in forma pauperis*. On February 12, 2016, Defendants filed a pre-answer Motion to Dismiss. (Doc. 13.) Defendants have moved to stay discovery in this case until that Motion is resolved.

With regard to the timing of discovery, the Court of Appeals for the Eleventh Circuit has recognized that:

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court

---

[1] The Clerk of Court is **DIRECTED** to change the name of "John and Jane Doe" to "Dr. Eni Nmwabueze" upon the record and docket of this case.

> ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted). For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); Berry v. Canady, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

In the case at hand, the Court finds that good cause exists to stay this case until such time as a ruling is made on Defendants' Motion and that no prejudice will accrue to the parties if Defendants' request is granted. Specifically, a ruling on Defendants' Motion to Dismiss before the commencement of discovery may save the parties time and resources by clarifying what issues the parties will need to address in discovery.

THEREFORE, IT IS HEREBY **ORDERED** that all proceedings, including discovery, are stayed pending a ruling by the Court on Defendants' Motion to Dismiss, at which time a discovery schedule will be entered as to any claims that may remain. This ruling does not affect Plaintiff's obligation to file a response to Defendants' Motion to Dismiss.

A motion to dismiss is dispositive in nature, meaning that the granting of a motion to dismiss results in the dismissal of individual claims or an entire action. Consequently, the Court

is reluctant to rule on the Motion to Dismiss without receiving a response from the Plaintiff or ensuring that Plaintiff is advised of the potential ramifications caused by his failure to respond. Once a motion to dismiss is filed, the opponent should be afforded a reasonable opportunity to respond to or oppose such a motion. This Court must consider that the Plaintiff in this case is a *pro se* litigant. Haines v. Kerner, 404 U. S. 519, 520 (1972). Additionally, when a defendant or defendants file a motion to dismiss, the court must construe the complaint liberally in favor of plaintiff, taking all facts alleged by the plaintiff as true, even if doubtful in fact. Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007).

The granting of a motion to dismiss without affording the plaintiff either notice or any opportunity to be heard is disfavored. Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336–37 (11th Cir. 2011). A local rule, such as Local Rule 7.5 of this Court,[2] should not in any way serve as a basis for dismissing a *pro se* complaint where, as here, there is nothing to indicate plaintiff ever was made aware of it prior to dismissal. Pierce v. City of Miami, 176 F. App'x 12, 14 (11th Cir. 2006).

Accordingly, Plaintiff is hereby **ORDERED** to file any response in opposition to the Defendants' motion for a dismissal or to inform the Court of his decision not to oppose Defendants' motion within twenty-one (21) days of the date of this Order. Tazoe, 631 F.3d at 1336 (advising that a court cannot dismiss an action without employing a fair procedure). Should Plaintiff not timely respond to Defendants' motion, the Court will determine that Plaintiff does not oppose to the motion. See Local Rule 7.5.

---

[2] Local Rule 7.5 states, "Unless . . . the assigned judge prescribes otherwise, each party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion, except that in cases of motions for summary judgment the time shall be twenty-one (21) days after service of the motion. Failure to respond shall indicate that there is no opposition to a motion." (emphasis added).

To assure that Plaintiff's response is made with fair notice of the requirements of the Federal Rules of Civil Procedure regarding motions to dismiss, generally, and motions to dismiss for failure to state a claim upon which relief may be granted, the Clerk of Court is hereby instructed to attach a copy Federal Rules of Civil Procedure 41 and 12 to the copy of this Order that is served on the Plaintiff.

**SO ORDERED**, this 19th day of February, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA