# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

ADRIAN B. RILEY,

    Plaintiff,

v.

DR. ENI NMWABUEZE; and ROY SABINE, Medical Director at Georgia State Prison,

    Defendants.

CIVIL ACTION NO.: 6:15-cv-29

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement over the course of his housing at several different institutions. (Doc. 1.) Defendants filed a Motion to Dismiss, (doc. 13), and Plaintiff filed a Response, (doc. 16). For the reasons which follow, I **RECOMMEND** the Court **GRANT** Defendants' Motion to Dismiss, **DISMISS** Plaintiff's Complaint, and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case. I further **RECOMMEND** the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## BACKGROUND

Plaintiff avers he began suffering from severe abdominal pain beginning in August 2010 while he was housed at the Wheeler Correctional Facility in Alamo, Georgia.[1] Plaintiff was taken to Savannah Memorial Hospital for emergency surgery because his appendix had ruptured.

---

[1] Except as to his claims against Defendants Nmwabueze and Sabine, all of Plaintiff's claims were dismissed as being barred by the applicable statute of limitations period. (Docs. 8, 11.) The Court recounts the majority of Plaintiff's claims in general terms only to provide background of Plaintiff's allegations.

(Doc. 1, p. 8.) Plaintiff was transferred to other facilities and did not receive medical care and treatment for severe pain. (Id. at pp. 9–10.) Plaintiff contends he was transferred to Rogers State Prison in Reidsville, Georgia, and Doctor Wynn determined he needed a corrective surgery, which occurred on June 5, 2012. (Id. at p. 10.) Upon his arrival at Central State Prison in Macon, Georgia, on an unidentified date, Plaintiff once again began experiencing severe abdominal pain. Plaintiff states he filed a grievance and wrote directly to Defendant Nmwabueze, the Medical Director at Central State Prison, and he "refused any response to Plaintiff's plea's [sic] for medical care." (Id. at p. 11.)

Plaintiff was later transferred to Georgia State Prison on May 12, 2014. Plaintiff wrote Defendant Sabine "several times" and received no response to his pleas for help due to the constant pain he was experiencing. (Id. at p. 12.) Plaintiff filed a grievance on November 4, 2014, "demanding proper medical care", and that grievance was denied. (Id.)

## DISCUSSION

Defendants contend Plaintiff cannot sustain a viable Eighth Amendment claim against them. In addition, Defendants maintain they are entitled to qualified immunity. The Court addresses Defendants' assertions.

### I. Standards of Review

#### A. Motion to Dismiss

Under a Rule 12(b)(6) motion to dismiss, a court must "accept[ ] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). "A complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged.'" Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Ashcroft, 556 U.S. at 678.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

### B. Deliberate Indifference to Serious Medical Needs

In this action, Plaintiff contends Defendants violated his Eight Amendment rights to adequate medical treatment. The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon a prison official to take reasonable measures to guarantee the safety of inmates. The standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as *mandating* treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187) (emphasis supplied). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327. "The meaning of 'more than gross negligence' is not self-evident[.]" Id. Only when deliberate indifference to an inmate's serious medical needs is demonstrated to be "repugnant to the conscience of mankind" or offensive to "evolving standards of decency" will it give rise to a valid claim of mistreatment under the Eighth Amendment. Id.

With these standards in mind, the Court now addresses Defendants' arguments that Plaintiff fails to assert a viable claim against them.

**C.     Assessment of the Viability of Plaintiff's Claims Against Defendants**

Defendants state that Plaintiff cannot meet the subjective component of the Eighth Amendment's deliberate indifference standard. Specifically, Defendants contend Plaintiff alleges in general terms that he wrote Defendants several times complaining that he was in pain

and that he filed grievances about his lack of medical care. (Doc. 13-1, pp. 4–5.) Defendants assert Plaintiff fails to establish what he alleged in his letters regarding the type and severity of the pain he was suffering, and Plaintiff fails to allege that Defendant Nmwabueze or Defendant Sabine actually received his letters or were aware of his grievances. Defendants aver Plaintiff does not set forth sufficient facts revealing that either Defendant Nmwabueze or Defendant Sabine had actual knowledge of his medical conditions, and thus, his claims should be dismissed. (Id. at p. 5.)

In response, Plaintiff states that he was denied medical case altogether until June 5, 2012. According to Plaintiff, he had "open chest" surgery at this time, and he was almost immediately transferred from Georgia State Prison to Valdosta State Prison.[2] (Doc. 16, p. 2.) Plaintiff asserts this transfer could not have occurred so soon after this surgery if the Prison Medical Director, Defendant Sabine, had not signed off on this transfer. Plaintiff contends he was left in severe pain which was untreated until he was sent back to Georgia State Prison, at which time Dr. Wynn operated on him. Plaintiff asserts Defendant Sabine approved all treatment given to inmates. Additionally, Plaintiff was "chained up" as soon as this surgery was over and transferred to Wilcox State Prison, and that Prison refused to accept Plaintiff in his condition. Plaintiff maintains that Defendant Sabine was directly involved in this transfer and would have been contacted by Wilcox State Prison when they refused to keep Plaintiff at the Prison. (Id. at p. 3.)

Plaintiff alleges he was then transferred to Central State Prison, at Defendant Sabine's direction. Plaintiff contends he filed grievances and wrote directly to Defendant Nmwabueze

---

[2] In his Complaint, Plaintiff alleged this surgery occurred while he was housed at Rogers State Prison. (Doc. 1, p. 10.) It is unclear whether Plaintiff was housed at Rogers State Prison and then was transferred to Georgia State Prison or whether he was housed at Georgia State Prison on two occasions. If it is the former scenario, it appears Plaintiff has tried to bolster his allegations against Defendant Sabine in his Response to Defendants' Motion.

and informed Defendant Nmwabueze he had to remove the staples himself because he and the Medical Department refused to see him at all. (Id.) Plaintiff also contends he was returned to Georgia State Prison on May 12, 2014, and Defendant Sabine keeps promising to give Plaintiff treatment, which never occurs, leaving Plaintiff with severe, untreated abdominal pain.

A review of Plaintiff's Complaint reveals that Plaintiff fails to set forth anything more than conclusory allegations that Defendants were deliberately indifferent to his serious medical needs. Plaintiff asserts in his Complaint that Defendant Nmwabueze "failed to take step's [sic] to ensure Plaintiff received the needed treatment to alleviate his pain and suffering despite their [sic] knowledge of Plaintiff's serious needs." (Doc. 1, p. 14.) Additionally, Plaintiff states he wrote a grievance while housed at Central State Prison and wrote directly to Defendant Nmwabueze. (Id. at p. 11.) However, Plaintiff fails to allege in his original Complaint or his responsive pleading that Defendant Nmwabueze was subjectively aware of any serious medical need Plaintiff may have been experiencing and that Defendant Nmwabueze was deliberately indifferent to that serious medical need. Lillard v. Jeanes, No. 1:12-CV-39 (WLS), 2012 WL 5383083, at *3 (M.D. Ga. Sept. 17, 2012) (submission of "grievances, letter, and medical request forms are insufficient to show that a supervisor had subjective knowledge . . . of [plaintiff's] medical needs"), *report and recommendation adopted*, No. 1:12-CV-39 WLS, 2012 WL 5383072 (M.D. Ga. Nov. 1, 2012); see also Nichols v. Burnside, No. 5:11-CV-116 (MTT), 2011 WL 2036709, *3 (M.D. Ga. Apr. 21, 2011) (finding that a grievance and letter to a supervisor does not alone make the supervisor liable); Weems v. St. Lawrence, No. CV 409-065, 2009 WL 2422795, *4 n.7 (S.D. Ga. Aug. 6, 2009) (finding that filing letters and grievances to jail's upper officials was insufficient to show the defendants were on notice of a substantial risk of serious harm); Webb v. Corrections Corp. of America, No. CV 308-051, 2008 WL 3554445, *4 (S.D.

Ga. July 9, 2008) (allegations that the plaintiff submitted "medical forms" and "medical requests", as well as letters, were insufficient to show the defendants had knowledge).

Likewise, Plaintiff avers in his Complaint that Defendant Sabine "failed to take steps to ensure Plaintiff received the need [sic] treatment to alleviate his pain and suffering, despite their [sic] knowledge of Plaintiff['s] serious needs." (Doc. 1, p. 15.) Further, Plaintiff maintains he wrote Defendant Sabine "several times" and received no response to his pleas for help due to the constant pain he was experiencing. (Id. at p. 12.)

The Court has reviewed the allegations contained in Plaintiff's Complaint, as outlined above, and views the allegations contained therein in the light most favorable to Plaintiff. Plaintiff's contentions against Defendants are nothing more than conclusory statements which do not establish Defendants' liability in this case. Instead, Plaintiff's assertions represent nothing more than "threadbare recitals" of a deliberate indifference claim supported by conclusory statements. Ashcroft, 556 U.S. at 678. In fact, it appears that Plaintiff wishes to hold Defendants liable based solely on their supervisory positions as the Medical Directors at Central State Prison and Georgia State Prison. As Plaintiff has already been advised, he cannot hold supervisory Defendants liable based solely on their supervisory positions. Specifically, this Court advised Plaintiff:

> Section 1983 liability must be based on something more than a defendant's supervisory position or a theory of respondeat superior.[3] Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in

---

[3] The principle that respondeat superior is not a cognizable theory of liability under Section 1983 holds true regardless of whether the entity sued is a state, municipality, or private corporation. Harvey v. Harvey, 949 F.2d 1127, 1129–30 (11th Cir. 1992).

7

> deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct." Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).

(Doc. 8, pp. 13–14.) Furthermore, Plaintiff recounts in his Complaint that he has received medical care numerous times during the pertinent time periods of his incarceration. While he may disagree with the efficacy of that care and the course of his treatment, that disagreement does not amount to a claim of deliberate indifference.

The Court should **GRANT** this portion of Defendants' Motion and **DISMISS** Plaintiff's Complaint. As Plaintiff cannot sustain his Eighth Amendment claims against Defendants, it is unnecessary to address the qualified immunity portion of Defendants' Motion. Martinez v. Burns, 459 F. App'x 849, 851 (11th Cir. 2012) (a qualified immunity defense need not be addressed if the plaintiff cannot sustain an underlying constitutional claim).

## II.  Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has, of course, not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or

argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action and Defendants' Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the above-stated reasons, I **RECOMMEND** that the Court **GRANT** Defendants' Motion to Dismiss, **DISMISS** Plaintiff's Complaint, and **DIRECT** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case. I further **RECOMMEND** that the Court **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 15th day of August, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA